# Commonwealth *v.* McKean County, Appellant.

*Taxation—Exemption of banks—Act of June 8, 1891, P. L. 229.*

The proviso of the 1st section of the revenue Act of June 8, 1891, P. L. 229, which exempts notes discounted or negotiated by any bank or banking institution, applies to an incorporated institution, and not to an individual or a partnership conducting a banking business.

Judgment notes and mortgages held by private bankers are subject to the four-mill tax imposed by the Act of June 8, 1891.

*Taxation—Failure by county to collect state tax—Private bankers.*

In an action by the state against a county to recover the amount of a state tax which the county neglected to collect from private bankers on judgment notes and mortgages, the state is entitled to recover where it appears that the bankers themselves assessed the value of the judgment and mortgages, but that they refused to pay the tax on the ground that they were exempt by having paid the three per cent tax upon their net earnings.

Argued June 4, 1901. Appeal, No. 17, May T., 1901, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1899, No. 27, on appeal from tax settlement in case of Commonwealth v. County of McKean. Before Mc-

COLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Appeal from tax settlement.

The facts appear by the opinion of the Supreme Court.

The court entered judgment for the commonwealth for $767.05.

*Error assigned* was the judgment of the court.

*M. E. Olmsted,* with him *A. C. Stamm* and *T. F. Richmond,* for appellant.—The taxing statute makes no distinction between incorporated and unincorporated banks : In re Leavenworth Savings Bank, 14 Nat. Bankr. Reg. 92 ; Oulton v. German Savings & Loan Society, 84 U. S. 109 ; Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601.

Judgment notes discounted by a bank are not taxable.

Mortgages held as collateral, or to secure notes discounted, are not taxable as mortgages.

*Frederic W. Fleitz,* deputy attorney general, with him *John P. Elkin,* attorney general, for appellee.—Unincorporated banks are not within the excepting clause of the proviso to the first section of the act of 1891.

Judgment notes, bonds and mortgages are not included in the exemption contained in the proviso to the 1st section of the act of 1891.

The failure of the county authorities to assess and collect this tax makes them primarily responsible to the state, and this action is properly brought against them.

An assessment is complete when the property has been listed and a valuation and apportionment made : Cooley on Taxation, 258 ; Del., Lack. & Western R. R. Co. v. Com., 66 Pa. 69.

OPINION BY MR. JUSTICE BROWN, July 17, 1901 :

The commissioners of the county of McKean  excluded from their return to the board of revenue commissioners of moneys at interest for the year 1896, taxable for state  purposes, $193,700, represented by judgments and mortgages held by Hamlin & Son, bankers.   A note to their return is as follows :  " This does not

include Hamlin & Son bank statement, which was $193,700. They have refused to pay state tax on said amount to the county, as they claim to pay direct to the state, and intend to test the case in supreme court." The court below, having been of the opinion that Hamlin & Son, bankers, should have made return to the proper assessor of McKean county of the judgment notes and mortgages held by them and paid a tax of four mills thereon for the year 1896 to the treasurer of the county, or the person authorized to receive it, for and as a state tax, and " that the county of McKean, by its proper officers, should have included the same in its return and statement to the board of revenue commissioners and collected and paid into the state treasury the amount of said tax on said personal property," directed judgment to be entered in favor of the commonwealth for the unpaid tax on said sum of money. From this judgment, the county of McKean has appealed, and, as reasons for reversing it, alleges, first, that it is not responsible for the tax on this money, because it had not been assessed; secondly, that Hamlin & Son were not liable to pay tax, because they were exempted by the proviso of the 1st section of the revenue Act of June 8, 1891, P. L. 229, which is: " That this section shall not apply to bank notes or notes discounted or negotiated by any bank, banking institution, saving institution, or trust company;" and, thirdly, that the judgment notes discounted by a bank and mortgages held by it as collateral to secure loans and notes discounted are not taxable. We will first consider the last two reasons ; for if they be valid, we need not consider the first.

The act of June 8, 1891, is a supplement to that of June 7, 1879, and in neither of them can the words "bank," or "banking institution," be read anywhere with their context, except as meaning a corporation—an incorporated institution. This is true from the first use of the word "bank" in section 2 of the act of 1879, to the last section of the act of 1891. On the other hand, by section 10 of the act of 1879, the legislature distinctly recognizes private bankers and brokers and " unincorporated" banking institutions as a class, but there is no such recognition in the exempting proviso of the 1st section of the act of 1891. A " bank " or " banking institution " in that section, must mean what the words mean as read all through the two acts of assem-

bly, and, no matter how they may be fairly interpreted in other statutes, here they are corporations.

If bank notes, discounted or negotiated by incorporated banks or banking institutions, had not been exempted by the proviso under which Hamlin & Son rely for exemption from taxation, incorporated banks or banking institutions would be subject to double taxation, for the same act imposes upon their capital stock, into the value of which the notes discounted or negotiated enter, a tax of eight mills on the par value or four mills on the actual value ; but no such tax is, or could be, imposed upon a private banker. The tax which he pays is but three per cent of his net earnings. Surely, the legislature never intended that the payment of this small tax should exempt him from the payment of any more, and that, because he styles himself a banker, he should be the specially favored of all the money lenders of the commonwealth. Incorporated banks pay the tax to which we have already referred, and every individual is taxed four mills on his money at interest ; but, under the interpretation of the proviso now contended for, he who lends his money as a banker at once enjoys exemption from taxation, denied to every other person, natural or artificial, in the commonwealth. If the payment of a tax of three per cent on the net earnings of an individual or individuals doing business as a banker or bankers (which is the tax paid directly to the state by Hamlin & Son) should exempt them from further taxation on their moneys loaned, we would have an inequality certainly not dreamed of by the legislature, to say nothing of the absence of any such intention in the act providing for the state revenues. To illustrate from the case in hand, if the $193,700 would yield to Hamlin & Son as a net annual income, $10,000, which is a most exaggerated estimate, three per cent on such income would be $300, which would be all they would be required to pay as a state tax under their contention ; but, any other individual investing the same amount of money in judgments or mortgages would be compelled to pay to the commonwealth four mills on the total sum of $193,700, or $740.80, as a tax thereon, or more than two and one half times as much as a banker would pay under the interpretation contended for. Another and, perhaps, more striking illustration would be that of an individual having $500,000, to invest in judgments or mortgages. Five per cent

interest on this sum would yield a net annual income of $25,000 and three per cent on this, or $750, is all he would be compelled to pay as a banker, if he could claim the exemption of the proviso; but if, simply as an individual, he should lend his $500,000, his tax to the state would be $2,000, or nearly three times what he would have to pay lending under the guise of a banker. Illustrations of this inequality need go no further, for it cannot be contended in reason that any such result as is contended for by the learned counsel for the appellant was ever contemplated by the legislature. The proviso is not written as the appellant would have us read it. The meaning of the words " bank" and " banking institutions," as used in it, is clear, and the learned judge below could have arrived at no other conclusion than that Hamlin & Son, though terming themselves bankers for the purpose of trying to avoid the taxation of their moneys at interest, are simply individuals, liable to the same measure of taxation as all other money lenders in their community. If Hamlin & Son have paid the three per cent tax on their net earnings, the imposition of the four mill tax on their judgments and mortgages will not be double taxation; for the taxation on their net earnings is not a property tax, but rather a license tax; Philadelphia Contributionship for Insurance v. Commonwealth, 98 Pa. 48.

As it is manifest that Hamlin & Son, bankers, are not included within the proviso referred to, the judgments and mortgages held by them are within the express words of the act of 1891, " that all mortgages, all moneys due by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment," shall be liable to taxation for state purposes; and that these judgments and mortgages represent notes taken from their customers can make no possible difference in the liability of the holders of them to taxation, for the money at interest is what is really taxed, whether represented by notes, judgments or mortgages securing it.

The first reason assigned why this judgment should be reversed is, that, as there was no assessment of the judgments and mortgages held by Hamlin & Son, there can be no taxation. That there can be no taxation without assessment is true as a general proposition; but the learned counsel for the appellant, in calling our attention to Commonwealth v. Lehigh Valley R. R. Co., 104 Pa. 89, Commonwealth v. Blair County

et al., 2 Pearson, 415, and other cases, as controlling the one now before us, overlooked the conclusive assessment upon which the commonwealth relies. Hamlin & Son themselves assessed the value of their judgments and mortgages at $193,700, asking for no abatement for any doubtful or worthless obligation, and making no denial of liability to be taxed on that amount, except that, having paid three per cent upon their net earnings, they were exempted from paying any more. All this the county of McKean knew through its commissioners, and in this proceeding against it to recover what the commonwealth would otherwise lose through its default and neglect to compel Hamlin & Son to pay, it cannot now set up its own dereliction in failing to make an assessment. This is a proceeding against it to compel it to pay what it ought to have collected from the taxpayers in the first instance ; and, we repeat, an assessment from which these delinquent taxpayers, Hamlin & Son, could not have appealed—one made by themselves— was before the board of revenue commissioners when it asked for payment from the county. There can be no reason for insisting upon any other assessment, and authority cannot be found why it should have been made. Lex neminem cogit ad vana seu inutilia.

The assignments of error are overruled and the judgment of the court below affirmed.