Commonwealth of Pennsylvania, Department of Public Assistance, Appellant, *v.* Gerlach.

Argued May 10, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*M. Louise Rutherford*, Deputy Attorney General, with her *John W. Kephart, Jr.*, Assistant Deputy Attorney General, and *James H. Duff*, Attorney General, and *Joseph F. Tedesco* and *John J. Dempsey, Jr.*, for appellant.

*John H. Bigelow*, with him *Cletus M. Lyman*, for appellee.

OPINION BY MR. JUSTICE DREW, May 24, 1943:

The Commonwealth of Pennsylvania, Department of Public Assistance, brought this action in assumpsit to recover certain moneys collected for it by defendant. A claim of set-off was asserted in defendant's affidavit of defense, to which the Commonwealth replied raising questions of law. The learned court below decided these questions in favor of defendant, and the Commonwealth appealed.

The pleadings disclose the pertinent facts. Defendant, an attorney, was employed by the Commonwealth as its counsel in Luzerne County to collect certain claims against individuals and estates of deceased recipients of benefits due and owing the Commonwealth. A number of cases were referred to him and prosecuted by him to judgment, in three of which he succeeded in collecting $1,374.50 for the Commonwealth. He refused, however, to turn over the money so collected, and when this suit was brought to recover it he asserted a claim of set-off in the amount of $2,910.21 for services rendered in the various cases referred to him.

We need not discuss further the facts on which the claim of set-off rests, for it is clear that defendant may not assert such a claim. An attorney has no lien for services against public funds, property of the state, or the proceeds of a judgment in favor of the state: *State v. National Surety Co.*, 29 Idaho 670, 161 Pac. 1026, 2 A.L.R. 251, 274; *The People v. Holten*, 304 Ill. 394, 136 N.E. 738; 5 Am. Jur., p. 406. In collecting moneys for the state, an agent or attorney should report and account

for all collections fully and without delay. To permit the retention of revenues of a state on a set-off or counterclaim for services rendered in connection with the collection of such revenues would seriously interfere with the normal operations of the government: See *Bindley* v. *Pittsburgh,* 64 Pa. Superior Ct. 371. It can readily be seen how the assertion of such claims might involve the state in many collateral issues in its attempts to collect needed revenues. Nothing can relieve an agent or lessen his liability to the state except actual payment of the full amount of his collections. To interfere with the obtaining of revenue by the assertion of cross-claims would be clearly against public policy: see *City of Pittsburgh* v. *Harrison,* 91 Pa. 206; *McCracken* v. *Elder,* 34 Pa. 239; 42 A.L.R. 1464, 1482.

Order reversed with a procedendo.