Goldstein, Appellant, *v.* Pittsburgh School District.

Argued October 8, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused January 6, 1953.

*Leonard M. S. Morris,* with him *Philip Baskin* and *Sachs & Caplan,* for appellant.

*Oscar G. Peterson,* Assistant Solicitor, with him *Mortimer B. Lesher,* Solicitor, and *Niles Anderson,* Assistant Solicitor, for School District and Treasurer, appellees.

*J. Frank McKenna,* First Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for City and Treasurer, appellees.

*Frank W. Ittel, Carl E. Glock, Jr.,* and *Reed, Smith, Shaw & McClay,* for amici curiae.

OPINION BY MR. JUSTICE BELL, December 9, 1952:

The most important question in this case is the constitutionality of an Act and of an Ordinance levying mercantile license taxes. The Act and the Ordinance are so similar and the questions involved are so closely related that they will be considered together.

The School District of Pittsburgh is authorized by the Act of June 20, 1947, P. L. 745, 24 PS 582.1-582.13 to impose a mercantile license tax upon wholesale vendors at the rate of one-half (½) mill on each dollar of the annual gross business transacted by the vendor. The classifications of vendors, the formulae for computing the tax, the details of administration, penalties, etc., are specifically set forth in the Act. The School District adopted a Resolution, dated November 28, 1947, making effective as of December 23, 1947, the provisions of the Act and incorporating them by reference. The tax involved is a self-assessing pay in advance type of tax.

The City is authorized by the enabling Act of June 25, 1947, popularly known as the "Tax Anything Act", P. L. 1145, 53 PS 2015.1-2015.8, to levy a similar mercantile license tax at a rate not to exceed one mill upon the gross volume of business transacted by a wholesale vendor. The Act permits certain cities to levy such a tax but City Councils are unrestricted and therefore possess wide discretion as to classifications and computation of volume of business and taxes thereon with certain specific limitations hereinafter discussed. By Ordinance No. 488 approved December 1, 1947, and effective January 1, 1948, the City levied a detailed mercantile license tax.

The Ordinance, pursuant to the enabling Act, makes detailed classifications and provides detailed formulae and computation of volume of business and tax. The School District and the City use a joint return form, use the same treasurer, and compute assessments for deficiencies and penalties on a joint form and on the same basis.

Appellant contends that both the School District Act and the City Ordinance are unconstitutional because the classifications set up and the formulae used to compute the volume of business are arbitrary, unreasonable and discriminatory. The comparable sections of the City Ordinance and of the School District Mercantile License Tax Act are so similar or identical, that it will be necessary to recite only one of them. Section 5 of the School District Act reads:

"Section 5. Computation of Volume of Business.—

(a) Every person, subject to the payment of the tax hereby imposed who has commenced his business at least one (1) full year prior to the beginning of any license year shall compute his annual gross volume of business upon the actual gross amount of business transacted by him during the preceding calendar year.

(b) Every person, subject to the payment of the tax hereby imposed, who has commenced his business less than one (1) full year prior to the license year one thousand nine hundred forty-eight, for the license year one thousand nine hundred forty-eight, or who has commenced his business subsequent to the beginning of any license year for such license year and the succeeding license year, shall compute his annual gross volume of business upon the actual gross amount of business transacted by him during the first month of his engaging in such business, multiplied by the number of months of the current license year remaining,

or multiplied by twelve (12) for the first full license year he engages in business, as the case may be.

(c) Every person, subject to the payment of the tax hereby imposed, who engages in a business temporary, seasonal or itinerant by its nature, shall compute his annual gross volume of business upon the actual gross amount of business transacted by him during such license year."

After the decision of this Court in *Allegheny County Motor Company v. Pittsburgh,* 360 Pa. 407, 62 A. 2d 64, the legislature amended* the School District Act to provide that receipts from sales of trade-ins could not be taxed except to the extent that such receipts exceed the trade-in allowance.

The license year and the calendar year are the same. A person who has commenced business prior to the current tax year is required to file a tax return and assess and pay his tax by March 15th; other persons subject to the tax must do so within 40 days of commencing business during that year and by March 15th for following years.

The principles in this class of case are well settled; their application to a particular act or ordinance or to a particular state of facts is sometimes difficult. The taxpayer-appellant contends that the School District Act and the City Ordinance are unconstitutional because (1) they adopt arbitrary, discriminatory and unjust formulae for computing the tax, and (2) they lack uniformity. The gist of appellant's argument is that the only fair and uniform tax is a tax based upon the actual gross amount or volume of business transacted during the current tax year and suggests that this result can be attained by having the taxpayer pay on March 15th a tax based upon his estimated annual

---

* Act of May 12, 1949, P. L. 1238, 24 PS 582.4.

gross business which can be corrected and the tax finally and definitely computed upon his actual gross business after the expiration of the year in question. This would seem to many persons to be the fairest method which could be devised, but a legislative body is not required to adopt a method or formula which someone else may consider wisest and best. Such a decision, subject to constitutional limitations, is a matter for the determination and judgment not of the taxpayer or of the Courts, but of the Legislature. Appellant's contention also ignores the fact that for 128 years mercantile license taxes have been computed and imposed in a manner similar to that followed by the Legislature in the Act of 1947, supra; and this principle of payment in advance based upon an estimated volume of business has been repeatedly sustained by this Court. *Commonwealth v. McKinley-Gregg Auto Co.*, 345 Pa. 544, 28 A. 2d 919. See also *Com. v. Southern Pa. Bus Co.*, 339 Pa. 521, 15 A. 2d 375; *Com. v. McKean County*, 200 Pa. 383, 49 A. 982; *Com. v. Delaern Pa. Bus Co.*, 339 Pa. 521, 15 A. 2d 375; *Com. v. Lehigh Valley R. R. Co.*, 104 Pa. 89; *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 184 A. 37.

If it is valid to impose a mercantile license tax on an estimated basis as distinguished from actual gross business in the current year, it is difficult to see how there would be a violation of the uniformity provisions of the Constitution if the computation was based in some circumstances on the gross volume of business transacted in the first month multiplied by the proper number of months in each case. Even where the tax is based upon the business transacted for 12 months of a prior year it rarely if ever happens that the gross business in the current license year and in the prior license year will be exactly the same. It must be remembered that taxation is a practical and not a scien-

tific problem and because of practical conditions or difficulties, or because of the nature of the business or property, perfect uniformity and absolute equality in taxation can at times not be attained. *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A. 2d 480; *Hammermill Paper Company v. City of Erie,* 372 Pa. 85, 92 A. 2d 422; *Sablosky v. Messner,* 372 Pa. 47, 92 A. 2d 411.

Both appellants and appellees contend that this case is ruled by *Allentown School District Mercantile Tax Case,* 370 Pa., supra, which enunciated or reiterated certain well known principles of constitutional law and applied such principles to the Ordinance involved in that case. That ordinance contained several provisions which were similar and several which were dissimilar to the Act and Ordinance here under consideration. In that case we said (Page 167-168): "Article IX, section 1, of the Constitution of Pennsylvania, provides: 'All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; . . .' This means that the classification by the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class: Commonwealth v. Girard Life Insurance Co., 305 Pa. 558, 158 A. 262; Knisely v. Cotterel, 196 Pa. 614, 46 A. 861; Dufour v. Maize, 358 Pa. 309, 56 A. 2d 675; Commonwealth v. McCarthy, 332 Pa. 465, 3 A. 2d 267; Dole v. Philadelphia, 337 Pa. 375, 11 A. 2d 163.

"In the light of these authorities we cannot say that the classification of wholesalers and retailers with its sub-classification of those who commenced business one year prior to the tax year, and less than one year

prior to the tax year, and subsequent to the commencement of the tax year, and those who engage in temporary, seasonal or itinerant business, is an arbitrary or unreasonable classification." In the light of that opinion it is clear that the classifications herein were reasonable and valid.

But the Allentown ordinance was declared invalid. It was invalid and unconstitutional because it not only created the divisions and classifications herein made, but created additional classifications and caused ineradicable confusion by commingling fiscal and calendar years, with their resultant unreasonable and unjustifiable classifications. That ordinance also violated the provisions of the enabling Act with respect to trade-ins and resales; and its formulae or methods of computing the tax in their operation and effect produced arbitrary, discriminatory and unjust results as therein particularly set forth. These facts and these results are absent in the instant case.

The only material differences between the School District Act and the City Ordinance in this case are as follows: The Legislature amended the School District Act to exempt trade-ins from the tax except to the extent that the receipts from the resale exceed the allowance. The City achieved the same result by amending its regulations. Appellant contends that it was necessary to amend the ordinance as well as the regulations. We agree with the appellee that this was not necessary; the regulations supplied the proviso or amendment which should have been made in the ordinance to bring it in conformity with the enabling Act of June 25, 1947, P. L. 1145, as amended by the Act of May 9, 1949, P. L. 898, 53 PS 2015.1.

The Act and the Ordinance each impose a tax on the gross volume of business and each adopts the same classifications, methods and formulae for computing

the amount of business and the tax. While the School District tax imposes the tax on the actual gross volume of business, it is clear from the Act in its entirety that the tax in some cases is computed upon an estimated basis as distinguished from an actual basis. The Ordinance is equally clear but the enabling Act of June 25, 1947, supra, as amended*, is not so clear. The enabling Act authorizes a city to impose a tax not to exceed certain millage upon the [actual] gross volume of business. The city has only such powers as are granted by the Legislature. *Allentown School District Mercantile Tax Case*, 370 Pa., supra; *Genkinger v. New Castle*, 368 Pa. 547, 84 A. 2d 303. Considering the history and form of mercantile license taxes for the last century, the purpose of the enabling Act, the similar provisions in the School District Act, and the fact that they were both passed in the same session of the Legislature, we are of the opinion that the enabling Act does not prevent a city from levying a mercantile tax computed in some cases upon an estimated basis, as distinguished from the actual gross volume of business in the current year.

In the light of all these facts and the foregoing authorities the classifications made and the methods or formulae provided to compute the gross business and the mercantile license tax seem to us practical and reasonable and neither arbitrary, discriminatory nor unjust.

Taxpayer also challenges the interest and penalties imposed upon him as well as their constitutionality. These are the facts: Appellant in this case was the majority shareholder of a corporation which was liquidated on April 30, 1949, after filing and paying its mercantile tax returns and paying its taxes for the

* Act of May 9, 1949, P. L. 898.

full year 1949 in advance. After the corporation was liquidated, appellant bought out the minority shareholders and individually continued the business under the name of the liquidated corporation. Appellant did not file an individual return for 1949 nor apply for a refund for any part of the tax paid by the liquidated corporation for the year 1949. In March, 1950, appellant filed a mercantile tax return in his own name, the return and tax being based, computed and paid upon the gross taxable business done by him as an individual in 1949, plus that done by the aforesaid corporation in the year 1949.

On August 30, 1950, the defendant School District and the Treasurer of the City of Pittsburgh assessed deficiencies against appellant on the theory that appellant as an individual had commenced a new business on May 1, 1949, and should therefore have filed a mercantile tax return in his individual name within forty days thereafter, and that the tax, both for the period from May 1 to December 31, 1949, and for the taxable year 1950, should have been computed on the gross taxable business done by him in the month of May, 1949, multiplied by 8 for the year 1949 and by 12 for the year 1950, pursuant to sec. 5(b) of the Act and Article V(a)3 of the Regulations of the School District, and sec. 5(c) of the Ordinance and Article V(a)3 of the Regulations of the City of Pittsburgh.

The deficiency assessments made against the appellant included interest at $\frac{1}{2}$ of 1% a month plus a penalty of 1% a month. Appellant was given credit for the amount of the tax paid by him at the time of the filing of the return.

It was found as fact by the trial Judge that appellant's omission to file a new mercantile tax return for the year 1949 and his filing of a 1950 return predicated upon the gross combined business of the corpo-

ration and himself individually for the year 1949 were in good faith and with no intent to evade payment of taxes.

Section 7 of the School District Act declares: "At the time of filing the return the person making the same shall pay the amount of tax shown as due thereon to the collector."

Section 9 of the School District Act declares: "(a) It shall be the duty of the board of public education, or the collector if designated by the Board, to sue for the recovery of all taxes due, not paid when due. Such suits shall be begun within sixty (60) days after such taxes become due.

"(b) If for any reason the tax is not paid when due in each year, interest at the rate of six per centum (6%) per annum on the amount of said tax, and an additional penalty of one per centum (1%) of the amount of the unpaid tax for each month, or fraction thereof, during which the tax remains unpaid, shall be added and collected . . . ."

The City contends that the due date is the date when the correct tax—not the tax shown as due on the taxpayer's return—is required to be paid and points out that any other construction would enable a taxpayer to make any return he desired and thus avoid the payment of the correct tax and any interest thereon until the taxing authorities notified him of his deficiency. This contention is supported by *Commonwealth v. Southern Pennsylvania Bus Company,* 339 Pa. 521, 15 A. 2d 375. We can see no distinction between the Act in that case and in this. If the imposition of interest and penalties upon a taxpayer who makes an honest mistake are inequitable and too severe, without being confiscatory—see *Commonwealth v. Perkins,* 342 Pa. 529, 535-536, 21 A. 2d 45—the remedy

lies with the legislature or with city councils and not with the Courts.

There is no merit in taxpayer's contention that he was entitled as assignee to a set-off in an amount equal to the refund to which the liquidated corporation was entitled. There is no statutory or decisional authority for such a set-off and it is against public policy: *Commonwealth v. Gerlach*, 347 Pa. 385, 32 A. 2d 410; *Bindley v. Pittsburgh*, 64 Pa. Superior Ct. 371; Cooley, Taxation, 4th Edition, paragraphs 22, 1249, 61 C.J., sec. 1391, page 1058.

The Orders of the Superior Court are affirmed.