Radio & Motor Service, Inc. *v.* Dunn et al., Appellants.

Argued October 4, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Samuel H. Jubelirer*, City Solicitor, for appellants.

*James W. Nelson*, with him *Nelson & Campbell*, for appellee.

OPINION BY HIRT, J., March 24, 1955:

The plaintiff, Radio and Motor Service Inc., brought this action in equity to enjoin the City of Altoona from collecting a mercantile tax for the year 1952. This tax was levied by the city under an ordinance enacted on the authority of the Act of June 25, 1947, P. L. 1145, 53 PS §§2015.1-2015.8. The Act authorizes certain political subdivisions, including cities of the third class, to "levy, assess and collect or provide for the levying, assessment and collection of such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, as they shall determine . . ." The taxing authority, thus delegated, was subject to certain stated exceptions, only one of which, referred to infra, is ma-

terial to the issues in this appeal. After hearing, the chancellor concluded that the ordinance violated both the terms of the above enabling act and the tax uniformity provision of Article IX, Section 1, of the Constitution of the Commonwealth. The court in banc dismissed exceptions to the findings, conclusions of law and the decree nisi of the chancellor, and enjoined the City of Altoona from the imposition and collection of any tax under the provisions of the above ordinance.[1]

On March 16, 1948, Altoona, a city of the third class enacted its Ordinance No. 3359, levying an annual mercantile tax "upon all persons, firms, companies and corporations engaged in wholesale or retail vending of goods, wares, and merchandise." The ordinance, later amended, divided the persons subject to the tax into three classes as follows: (1) Wholesale and retail vendors or dealers, who had been in business for the entire preceding year, were taxed at specified rates based upon the total gross business transacted during the previous calendar year; (2) Dealers who had been in business less than one full year were taxable on the basis of the gross volume of business for the first month in which they were engaged in business, multiplied by twelve. (3) A taxpayer who embarked in business during the tax year was required under the ordinance to compute his tax on the gross amount of business transacted during the first month, multiplied by the number of months remaining in the calendar year. Radio and Motor Service, Inc., is within the first classi-

---

[1] The question involved in this appeal is moot except for the single year 1952. After the final decree in this case the ordinance was repealed, and a new ordinance was enacted by the City of Altoona, applicable to the year 1953 and all subsequent years. The new enactment was patterned after the ordinance of the City of Pittsburgh, which had been upheld in *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 93 A. 2d 243.

fication under the ordinance of those subject to the tax. Plaintiff corporation had been in business for a number of years and throughout the whole of the year 1952. The plaintiff in the court below took the position that the ordinance violates the above uniformity requirement of the Constitution in that the method of computing the tax produced arbitrary, discriminatory and unjust results; and plaintiff contended also that the ordinance is ineffective because in violation of the provision of Section E(b) of the 1947 enabling Act.

In *Allentown Sch. Dis. Mer. Tax Case*, 370 Pa. 161, 167, 168, 87 A. 2d 480, the Resolution of the School District was not dissimilar in pattern from the ordinance in the instant case. It divided wholesalers and retailers into four different classes: "(a) persons who have commenced business at least one full year prior to the fiscal year commencing July 1, 1951; (b) persons who have commenced business less than one full year prior to the fiscal year commencing July 1, 1951; (c) persons who commence business subsequent to July 1, 1951, or any succeeding tax year, and (d) persons who are engaged in a temporary, seasonal or itinerant business." And in referring to this classification provision of the Resolution, the Supreme Court speaking through Mr. Justice BELL said: "Article IX, section 1, of the Constitution of Pennsylvania, provides, 'All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; . . .' This means that the classification by the legislative body must be reasonable and the tax must be applied with uniformity upon similar kinds of business or property and with substantial equality of the tax burden to all members of the same class: Commonwealth v. Girard Life Insurance Co., 305 Pa. 558, 158 A. 262; Knisely v. Cotterel, 196 Pa. 614, 46 A. 861;

Dufour v. Maize, 358 Pa. 309, 56 A. 2d 675; Commonwealth v. McCarthy, 332 Pa. 465, 3 A. 2d 267; Dole v. Philadelphia, 337 Pa. 375, 11 A. 2d 163." In the application of the above principles the Supreme Court in the *Allentown* case was unable to say that the classifications were arbitrary or unreasonable. But the Resolution was found to be unlawful, because of differences in the method of assessment and computation of the tax as applied to the various classifications of dealers, in this language: "These different tax computation formulae are arbitrary and have no reasonable or practical justification; they create a substantial and unjustifiable inequality of tax burden; and they establish an estimated or theoretical basis for tax which is different from *actual* gross income which is the standard prescribed by the plain language of Section 1E of the Act."

In *Goldstein v. Pittsburgh School District,* 372 Pa. 188, 93 A. 2d 243, the principles of the *Allentown Sch. Dis. Mer. Tax Case* were reaffirmed. These principles control the disposition of the present appeal. The vice of the ordinance in question is not the computation of the tax on an estimated basis[2] but as in the *Allentown* case it is rendered invalid for the reason that the contemplated taxes are not uniform among the various classes of persons subject to them. By the terms of the Pittsburgh ordinance, held constitutional in the *Goldstein* case, supra, a dealer subject to the tax pays on the basis of his gross business but only for the number of months he is engaged in business during the tax

---

[2] In the light of the historical background of mercantile license taxes, it was held in the *Goldstein* case, p. 197: ". . . that the enabling Act [supra] does not prevent a city from levying a mercantile tax computed in some cases upon an estimated basis, as distinguished from the actual gross volume of business in the current year."

year. Under the Altoona ordinance a dealer in business throughout the whole of the preceding year was required to pay a mercantile tax on a full year's business even though he may have discontinued business during the license year. So also a tax payer in business for less than the full preceding year, was required to pay a tax computed at twelve times the first month's business in the previous year, irrespective of the number of months he continued in business during the tax year. And similarly, a taxpayer who started his business in a tax year was compelled to compute his tax by multiplying the gross amount of his first month's business by the number of months remaining in the tax year regardless of the number of months actually engaged in business during that year. There was inequality in the burden imposed by the ordinance, and because of the arbitrary, unjust and discriminatory result in its operation, in the above respects, the lower court clearly was right in finding the ordinance invalid on constitutional grounds.

Although not essential to the disposition in this appeal, in the light of the controlling constitutional question, it must be noted, that the ordinance is defective also in that it does not comply with the provisions of Section E(b) of the enabling Act. That section of the Act provides: "No such tax shall be levied on the dollar volume of business transacted by wholesale and retail dealers derived from the resale of goods, wares and merchandise taken by any dealer as a trade-in or as part payment for other goods, wares and merchandise, except to the extent that the resale price exceeds the trade-in allowance." In *Allentown Sch. Dis. Mer. Tax Case*, supra, the Resolution of the School District, levying a mercantile tax under the same enabling Act, ignored the above prohibition and by its language specifically taxed dealers on gross volume of business with-

out exceptions or deductions or exclusions. For that reason, as well as on constitutional grounds, the Supreme Court in the *Allentown* case, supra, held that the enactment was unlawful and invalid in its entirety. The ordinance in the present case which ignored the above provision of the act as to trade-ins is invalid also on that ground.

Decree affirmed at appellants' costs.