## Herbert Petition

*Ralph J. Johnston*, for Pennsylvania Turnpike Commission.

*William F. Farrell*, for Department of Public Assistance.

*Nicholas R. Degillio*, for petitioners.

FLANNERY, J., May 22, 1958.—This matter comes before the court on a rule to show cause why funds,

payable by the turnpike commission to Robert Herbert and Catherine Herbert for the taking of their property, should not be paid to Nicholas R. Degillio, their attorney, upon a charging lien for the fees and for costs incurred in the condemnation proceedings.

Counsel for the respective parties have entered a stipulation of the facts pertinent to the issue. We shall review them briefly.

A portion of the land of Robert Herbert and Catherine Herbert, located in Bear Creek Township, Luzerne County, was condemned by resolution of the Pennsylvania Turnpike Commission on January 18, 1954, for use as a right-of-way for the northeastern extension of the turnpike.

At the time of the condemnation the Department of Public Assistance of the Commonwealth of Pennsylvania held a judgment against the Herberts in the amount of $2,000, partially securing a real debt of $9,088.26 for public assistance rendered by the Commonwealth. The judgment was entered in the office of the prothonotary of Luzerne County to no. 778, May term, 1950, and as of the date of condemnation it was the only lien against the Herbert's land. On January 12, 1955, the judgment was duly revived.

On July 29, 1955, the Pennsylvania Turnpike Commission, based on its appraisal of the value of the land taken, offered the Herberts the sum of $200 as damages. This offer was rejected and the Herberts retained attorney Nicholas R. Degillio to initiate condemnation proceedings. It was orally arranged between the Herberts and attorney Degillio that his fees, in an amount unspecified, would be paid from the moneys recovered as damages.

Pursuant to the arrangement attorney Degillio initiated proceedings before a board of view. Hearings were held and an award of $1,250 was made. Upon exceptions by the turnpike commission the court di-

rected further hearings. An additional report was thereafter made by the board of viewers again awarding the property owners the sum of $1,250. Its exceptions to this report having been overruled, the turnpike commission appealed to the court and the issue came on for a jury trial. Before its completion, however, counsel for the commission and attorney Degillio agreed on $950 as the damages, and thereafter, on May 2, 1957, the action was discontinued.

On September 24, 1957, attorney Degillio obtained a rule on the Pennsylvania Turnpike Commission to show cause why the $950, the proceeds of the settlement, should not be paid into court because of the conflict between his claim on the fund for attorney's fees and costs and the claim of the Pennsylvania Department of Public Assistance, the judgment creditor. On October 3, 1957, by agreement of attorney Degillio and the counsel for the turnpike commission this rule was made absolute and the $950 was paid into court. The Pennsylvania Department of Public Assistance was not a party to those proceedings.

Now, upon petition and rule on the Pennsylvania Department of Public Assistance, attorney Degillio seeks to obtain the entire sum of $950 in satisfaction of an asserted charging lien for attorney's fees and for reimbursement of legal costs. The parties have raised no procedural questions, and the matter is before us on the legal merits.

The right of an attorney to a charging lien upon a fund in court which his services primarily aided in procuring, and to which, by agreement with his client, he is to look for compensation, has long been recognized by the authorities: Harris' Appeal, 323 Pa. 124; McKelvy's & Sterrett's Appeals, 108 Pa. 615; Patten v. Wilson, 34 Pa. 299. And an attorney's lien upon a fund so recovered is paramount to the rights of the client and his creditors: Turtle Creek Bank & Trust Company

v. Murdock, 150. Pa. Superior Ct. 277. The rule rests upon the equitable principle that one should not be permitted to profit by the fruits of litigation without satisfying the demand of his attorney by whose talents and industry those fruits were obtained. And to this end a lien creditor must yield his claim to the attorney's reasonable claim for compensation and also to a claim for the payment of his legal costs.

In discussing an attorney's right to a charging lien arising out of a condemnation proceeding the Supreme Court stated in Harris' Appeal, supra, at page 138:

"We base our decision upon the facts that the primary right to institute and conduct the proceedings in behalf of the property, before the board of view, was in the property's owner; that the mortgagee who loaned money and took a first lien on this property as security therefor was chargeable with knowledge of the fact that if the property should be subjected to condemnation proceedings, (as it was), the right of action for damages was in the owner and this right of action carried with it the right to engage counsel to protect the interests of both the owner and the mortgagee, whose interests in such proceedings were not antagonistic but identical; that the mortgagee knew of the employment of Attorney Jacoby by the owner to protect the joint interests of the owner and the mortgagee in these condemnation proceedings and apparently approved of his employment and of what he did professionally in the matter; and that the professional efforts of this attorney produced, to a substantial extent, the fund for distribution, to which fund the attorney was required, under his agreement with his record client, to look for compensation, and against which the attorney had, under the circumstances here present, an equitable claim which has often received judicial recognition under the name of a "charging lien." See Wylie v. Coxe, 15 How. 415; Peugh v. Porter, 112 U. S. 737;

U. S. v. Blackfeather, 155 U. S. 180; In re Heinsheimer, 214 N. Y. 361, 108 N. E. 636; Hale v. Tyson, 79 Ala. 107, 79 So. 499, and Jacobson v. Miller, 50 N. D. 828, 198 N. W. 349, 34 A. L. R. 317. We conclude that appellant Jacoby was entitled to have the court below enter an order directing payment to him of his reasonable counsel fees and expenses of litigation."

Counsel for respondent raises one major objection to the application of these general principles. It is contended that to allow attorney Degillio to claim his fee and costs from the fund in dispute here would violate the rule of law which prevents an attorney's lien for services from attaching to public funds, property of the State or the proceeds of a judgment in favor of the State: Commonwealth of Pennsylvania, Department of Public Assistance v. Gerlach, 347 Pa. 385. But this exception to the general rule cited by counsel for respondent has no application here.

The fund in question here represents the payment to Robert and Catherine Herbert by the Commonwealth for the taking of their land. True, the Department of Public Assistance of the Commonwealth holds a judgment against the Herberts. But under no theory can this money be considered "public funds" or "the proceeds of a judgment in favor of the Commonwealth." Moreover, we do not feel that the normal operations of government will be seriously interfered with by permitting an attorney's lien to attach to a fund of persons against whom the Commonwealth holds a judgment. See Commonwealth of Pennsylvania, Department of Public Assistance v. Gerlach, supra.

It should also be noted in passing that the conclusion here reached is consistent with the ruling in Bell v. Roberts, 150 Pa. Superior Ct. 469, which protects an attorney from the attachment of his fees in the hands of his client.

One issue remains to be decided. Under the applicable principles already discussed, and the authorities cited, we must set a reasonable amount to be paid to attorney Degillio for counsel fees and costs.

Taking into account the services performed by attorney Degillio, the sum obtained above the initial offer of $200, to wit $750, and giving consideration to the station in life of the Herberts, we are of the opinion that $400 is a fair and adequate counsel fee. In addition thereto there will be allowed such costs as have been or may be certified of record.

As indicated we are fully aware of the time and effort and the services which attorney Degillio has rendered to his clients. We are aware of counsel's talent and experience. It would not be possible, nor do we desire to minimize these values in terms of the results achieved in the litigation. However, equitable principles must govern, and we feel that the fee fixed not only recognizes the ability of counsel and the value of his services but also gives due consideration to the amount of the recovery and to the financial needs of the clients.

On the foregoing basis we enter the following:

The rule to show cause why the money paid into court by the Pennsylvania Turnpike Commission for the taking of the land of Robert Herbert and Catherine Herbert should not be paid to Nicholas R. Degillio, attorney for the property owners, is made absolute pro tanto and it is ordered that $400 of the said money be paid to attorney Degillio upon a charging lien for his attorney's fee, together with costs as indicated.