Tax Review Board *v.* Hydrocarbon Research, Inc., Appellant.

Argued January 16, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Joseph W. Marshall, Jr.,* with him *Duane, Morris & Heckscher,* for appellant.

*Leonard B. Rosenthal,* Assistant City Solicitor, with him *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for Tax Review Board, appellee.

OPINION PER CURIAM, March 13, 1962:

This is an appeal from an order of the Court of Common Pleas No. 1 of Philadelphia County which dismissed the appeal of Hydrocarbon Research, Inc. (Hydrocarbon) from a decision of the Philadelphia Tax Review Board (Board), which sustained deficiency tax assessments levied against Hydrocarbon for the years 1953, 1954, 1956 and 1957 under the Philadelphia mercantile license tax ordinance.

Hydrocarbon, a New Jersey Corporation with its principal office in the City of New York, specializes in the design and engineering of technical process structures for the oil and chemical industries and has developed a scientific process for the production of anhydrous ammonia. In 1953-1954 Hydrocarbon constructed an ammonia plant for the Atlantic Refining Company at its Point Breeze refinery in Philadelphia. In 1956-1957 Hydrocarbon expanded Atlantic's anhydrous ammonia facilities.

Hydrocarbon filed returns under the Philadelphia mercantile license tax ordinance for the years 1953, 1954, 1956 and 1957 which disclosed the amount of payments received from Atlantic for its work. On July 13, 1959, the Department of Collections of the City of Philadelphia levied deficiency tax assessments against Hydrocarbon for these years. After filing a petition for review with the board and after that board had sustained the deficiency tax assessments, *as corrected,* Hydrocarbon appealed to the Court of Common Pleas No. 1 of Philadelphia County which, in turn, sustained the board.

The sole question raised on this appeal is whether the Philadelphia mercantile license tax violates the

uniformity requirements of the Pennsylvania Constitution in its application to a taxpayer, such as Hydrocarbon, who does not engage in business in Philadelphia on a continuing basis.

We have carefully examined the record herein and the provisions of the ordinance, the constitutionality of which is attacked. We are satisfied that such provisions are valid and that the instant case is ruled by *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 93 A. 2d 243.

We accordingly affirm the order of the court below on the following excerpts from the opinion of President Judge HAGAN of the court below:

"[Hydrocarbon] constructed an extensive installation for the Atlantic Refining Company in the City of Philadelphia, which required engineering as well as actual construction work. The Tax Review Board found that [Hydrocarbon] commenced work in Philadelphia on January 1, 1953, and worked in Philadelphia for the entire years of 1953 and 1954. The Board also found that [Hydrocarbon] did no work in Philadelphia in 1955 but performed additional work for Atlantic in Philadelphia commencing in April of 1956 and continuing into 1957.

"Under the Philadelphia Mercantile Tax Ordinance, a taxpayer engaged in business in Philadelphia pays taxes for a given year based upon his receipts for the prior year. Where the taxpayer has been in business for the entire prior year, no problem is presented. With respect, however, to a taxpayer who was in business for only a portion of the prior year and also with respect to the first year of business, a problem is presented; and under the ordinance a formula is prescribed. Under this formula, receipts for a given period are divided by the number of months in the period and are then multiplied by the number of months business was actually conducted, in order to 'annualize' the figures.

"As a result of the application of the above formula, [Hydrocarbon] paid taxes for the years 1953 and 1954, and again for 1956 and 1957, upon amounts in excess of its actual receipts for those years. [Hydrocarbon's] contention is that a formula which can result in the payment by one taxpayer of a tax based upon gross receipts in excess of actual receipts (such as is the case here) and in other cases can result in a payment by a taxpayer of a tax based upon gross receipts far less than the actual receipts, constitutes such a lack of uniformity as violates the constitutional provisions requiring uniformity of taxation. In support of its contention, the defendant relied primarily upon the Allentown School District Mercantile Tax Case, 370 Pa. 161. The City, on the other hand, relied upon the case of Goldstein v. Pittsburgh School District, 372 Pa. 188. After careful examination of these cases, we came to the conclusion that the Pittsburgh case is controlling, and that, therefore, the City's position must prevail.

"The Pittsburgh Mercantile Tax which was construed in the Goldstein case was almost identical to the Philadelphia Mercantile Tax, with respect to the provisions which are here in question. The same argument of lack of uniformity as is made here was made in that case and was rejected by the Supreme Court. The Court there held that, while a tax based upon actual receipts would appear to be the fairest form of tax, it could not be said that a formula based upon the previous year's receipts is so unfair or results in such a lack of uniformity as to be invalid.

"In the Goldstein case, the Supreme Court referred to its prior decision in the Allentown School District Mercantile Tax Case, relied upon by [Hydrocarbon], and specifically distinguished the two cases. The Court pointed out that the Allentown Mercantile Tax Case had involved not only provisions similar to those contained in the Pittsburgh and Philadelphia Ordinances,

which are here in question, but also involved other classifications as well as a mixing of fiscal and calendar years which resulted in such confusion as to make the tax invalid.

"The difference between the Goldstein case and the Allentown School District Mercantile Case was also pointed out in the case of Radio & Motor Service, Inc. v. Dunn, 177 Pa. Superior Ct. 576, which dealt with an Altoona tax ordinance. The Superior Court there pointed out that the law as established in the Goldstein case, involving the Pittsburgh tax, was that the payment of a tax based upon an estimate of a prior year's receipts did not render the tax invalid. The Superior Court further pointed out that the Altoona tax ordinance, which was there before it, was invalid because it not only based the tax for a given year on an estimate founded on the receipts of a prior year or a portion thereof, but, in addition, imposed a tax upon a taxpayer on an estimate which was based upon more months than the taxpayer had actually been in business in a given year. This was not so in the Pittsburgh tax involved in the Goldstein case, nor is it so in the Philadelphia tax involved in the instant case.

"It was for the foregoing reasons that we found that the instant case is ruled by Goldstein v. Pittsburgh School District, 372 Pa. 188, and we accordingly dismissed the appeal and affirmed the decision of the Tax Review Board."

Order affirmed. Costs on Hydrocarbon.