Ad Hoc Committee for Keeping New Brighton Progressive, Donald C. Bolland et al., Appellants *v.* Borough of New Brighton, Appellee.

Argued October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Vincent Restauri, Jr., Restauri & Steinberg,* for appellants.

*Charles F. Bowers, Jr.,* for appellee.

OPINION BY JUDGE BARBIERI, February 17, 1984:

The Appellant, Ad Hoc Committee for Keeping New Brighton Progressive, appeals from an order of the Court of Common Pleas of Beaver County which dismissed its appeal challenging a business privilege tax passed by the Borough of New Brighton (Borough) pursuant to Section 2 of the Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902.

On January 28, 1982, the Borough of New Brighton enacted an ordinance imposing a business privilege tax upon the whole or gross volume of business transacted within the Borough at the rate of 1.5 mills, excepting the whole or gross volume of business of wholesale dealers or vendors, which were taxed at the rate of 1 mill. On February 26, 1982, Appellant filed an appeal with the court of common pleas challenging the above enacted tax pursuant to Section 6 of the Act, 53 P.S. §6906, alleging that the tax imposed by the Borough was excessive and unreasonable, and an impermissible retroactive tax.

After some preliminary matters, the common pleas court determined that the issues presented by Appellant could be decided as a matter of law, and that despite Appellant's contention to the contrary, no evidentiary hearing was required in order to dispose of its appeal. In its decision, the common pleas court, relying principally upon our Supreme Court's decision in *William Penn Parking Garage Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), held that the rate of the enacted tax was not entirely disproportionate to the rate of the comparable tax authorized under Section 8 of the Act, 53 P.S. §6908, and that, therefore, the tax was not excessive or unreasonable. The court did not, however, address the issue of retroactivity. Appellant now appeals to this Court contending that it was entitled to an evidentiary hearing to establish the unreasonableness of the Borough's tax and that the tax is prohibited as being retroactive.

In *William Penn,* our Supreme Court addressed the issue as to whether or not the General Assembly's grant of power to a court under Section 6 of the Act was an unconstitutional delegation of legislative power. The provision of Section 6 which was under attack in *William Penn,* and of particular importance in the present case, states that:

It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable. . . .

In deciding that the above provision was not an unconstitutional delegation of legislative power, the Supreme Court held that adequate standards were provided within the entire Act and therefore a court could properly determine if a tax imposed by an ordinance was excessive or unreasonable. In so deciding, the Supreme Court stated:

First, section 17(a) of the Act, 53 P.S. §6917(a), establishes a limit on the aggregate amount of all taxes which may be imposed by a political subdivision. This provides the exclusive measure of whether the aggregate tax burden of the subdivision is "excessive or unreasonable" within the meaning of section 6. Similarly, section 8 of the Act limits the rates which may be imposed as to certain types of taxes. As to those types of tax, that section provides the exclusive measure of what constitutes an "excessive or unreasonable" tax within the meaning of section 6.

The very variety of taxes authorized by the Act precluded specification of limits on all types of tax. The problem therefore remains how to deal with those taxes which the Act authorizes a political subdivision to impose but which are not specifically limited by section 8. Even in such cases, we believe that section 8 provides a valuable starting point. A tax may be outside of the class governed by section 8 but sufficiently similar to a member of that class to support the conclusion that a rate entirely disproportionate to the rates specified by section 8 for the similar tax would be "excessive and unreasonable." Before reaching such a conclusion, a court would need to consider carefully any differences (e.g., in economic impact of the tax, ability of the class of taxpayers to pay, relation of other taxes imposed on the class of taxpayers to the cost of services rendered to them, etc.) suggested by the taxing authority, giving great weight to the judgment of the municipal officials as to the significance of those differences. Nevertheless, should the court so conclude, sec-

tion 6 would prohibit the imposition of that tax at that rate. (Footnote omitted.)

*Id.* at 216-17, 346 A.2d at 293-94. While Sections 17 and 8, establish absolute limits, easy in application, as to what would constitute an excessive or unreasonable tax under Section 6, a similar determination cannot be made for those taxes imposed outside of Section 8. Under *William Penn,* a court, in determining whether or not a non-Section 8 tax is excessive or unreasonable, should first determine if a tax authorized under Section 8 is sufficiently similar to the challenged tax.[1] If a sufficiently similar tax is authorized under Section 8, a court must then examine any differences between the two taxes. If after examining the differences, and giving great weight to the judgment of the municipal officials as to the significances of those differences, a court finds the challenged tax to be *entirely disproportionate* to the sufficiently similar tax under Section 8, the challenged tax can then be declared excessive and unreasonable and therefore invalid. In making this determination, however, a judge cannot interfere with the *reasonable* discretion of a legislative body in selecting the subject or rate of a tax, *see* Section 6, or allow his own sociopolitical views to establish the standards by which to judge the challenged tax. *Id.*

Having considered what a court may properly examine given its scope of review under Section 6, we shall now address the question raised by Appellant as to whether or not it is entitled to an evidentiary hearing to establish before the common pleas court what

---

[1] In the event there exists no sufficiently similar tax under Section 8 from which a court may seek guidance in judging a challenged tax, a court must look to other sources. For example, if our General Assembly has passed a tax similar to the one in question, then this tax would provide some indication of a rate which would not be "excessive or unreasonable" under Section 6. *William Penn.*

it termed the "unreasonableness" of the Borough's tax.

Under Section 6 of the Act, an appellant must set forth in an appeal petition, "the objections to the tax and the facts in support of such objections." To the extent that an appeal petition challenges a non-Section 8 tax, and alleges facts which a court may properly consider under Section 6 to determine whether or not a tax is excessive or unreasonable, it is true that an appellant is ordinarily entitled to an evidentiary hearing to prove the facts alleged. However, when it appears from an appeal petition that an appellant is only alleging facts which a court may not consider as a basis for finding a non-Section 8 tax excessive or unreasonable, we believe that it is proper to dismiss the petition and, of course, not require an evidentiary hearing.

In the present case, the appellant alleged substantially the following facts in support of its petition to have the Borough's tax declared "unreasonable": the Borough's tax will generate excess revenues, the Borough failed to reasonably establish the volume of business subject to the tax, the Borough enacted the tax upon the assumption that the school district would exercise its right to one-half the revenues, the Borough was under no duty to tax at the maximum rate allowed, the school district may adopt a similar tax, the Borough has no prior experience with the enacted tax, the Borough refused to delay enactment of the tax so that it might consider an alternative suggested by Appellant, the Borough has made reductions in expenditures without a corresponding decrease in the tax, and the Borough has underestimated the proceeds of the tax. The common pleas court dismissed the petition on the conclusion that it failed to allege anything which would indicate that the Borough's non-Section 8 tax was entirely disproportionate to a tax

rate for a comparable Section 8 tax. We agree. Appellant's petition contains allegations which only challenge the discretion of a legislative body to enact an ordinance imposing a tax. In that the facts alleged by Appellant cannot be properly considered by a court under Section 6, we hold that it was not error for the common pleas court to rule upon Appellant's petition without an evidentiary hearing.

The appellant's last contention is that the Borough improperly imposed a retroactive tax since a current year's tax liability is estimated upon the immediately preceding year's business receipts. We dismiss this contention since there is nothing *per se* invalid about a retroactive tax, *see Philadelphia Life Insurance Co. v. Commonwealth*, 454 Pa. 157, 309 A.2d 811 (1973), and the use of an estimated tax has been repeatedly upheld by the courts of this Commonwealth. *See Goldstein v. School District of Pittsburgh*, 372 Pa. 188, 93 A.2d 243 (1952) (citing cases).

### Order

And Now, this 17th day of February, 1984, the Order of the Court of Common Pleas of Beaver County dated April 30, 1982, is hereby affirmed.