# Commonwealth *v.* Keystone Laundry Company, Appellant.

203    289
e 29 SC  414

*Taxation—Laundry company—Manufacturing corporation.*

A corporation chartered for the purpose of " cleansing, bleaching, starching and smoothing textile fabrics by the use of machinery and mechanical appliances, and the application of skilled manual operation," the principal business of which is " washing and ironing," is not a manufacturing corporation, merely because it manufactures soap and dyes for its own use instead of buying them.

Argued June 3, 1902. Appeal, No. 31, May T., 1902, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1900, No. 173, on appeal from tax settlement in case of Commonwealth v. Keystone Laundry Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.
The case was tried without a jury under the act of April 22, 1874. WEISS, J., found the facts to be as follows :

1. The defendant company is a domestic corporation organized "for the purpose of cleansing, bleaching, starching and smoothing textile fabrics by the use of machinery or mechanical appliances and the application of skilled manual operation."

2. It reported the actual cash value of its capital stock to the auditor general for the year 1899 at $55,000, upon which the accounting officers of the state imposed a tax of five mills equal to $275, from which the defendant appealed, and filed specifications of objections thereto.

3. The company collects "soiled cotton and woolen goods, household, hotel and restaurant goods and linens of all kinds," and receives from manufacturers of cotton and woolen goods and fabrics, goods in process of manufacture and preparation for the market.

The cotton and linen goods are washed in hot water and soap until they are clean, then rinsed and washed again in a bleaching solution, then rinsed again, then rewashed in a coloring solution to which is added a scouring solution, which acts as a fixative, then starched by machinery, then thoroughly dried, then dampened and ironed.

The process of coloring and bleaching is applied to all the wares except woolen goods.

4. The material is handled by skilled workmen of whom there are a large number and to whom a large sum of money was paid for wages during the tax year.

5. Its capital stock is invested exclusively in its plant and business, except the sum of $4,008.74, which is invested in towels, towel racks, soap, etc., which it places in business houses and offices, and launders them from time to time, and upon this part of the capital stock it has paid to the commonwealth $20.43, and appealed from the balance.

The exemption from taxation is claimed under the provisions of the Act of June 8, 1893, P. L. 355.

The court entered judgment for the commonwealth for $275, refusing the exemption claimed.

*Error assigned* was the judgment of the court.

*J. L. Riethey*, with him *Murphy & Hosack*, for appellant.

*Frederic W. Fleitz*, deputy attorney general, and *John P. Elkin*, attorney general, for appellee.

PER CURIAM, June 4, 1902:

The appellant was incorporated for the purpose of "cleansing, bleaching, starching and smoothing textile fabrics by the use of machinery and mechanical appliances, and the application of skilled manual operation." Its principal business is, as properly stated by the court below, "washing and ironing." In carrying on this business, it needs soap and dyes, and, even if it does manufacture these two articles for its own use, instead of buying them, such manufacture of them does not make the "washing and ironing" concern a "manufacturing plant and business," as defined by statute, lexicon or judicial utterance.

Judgment affirmed.