## Commonwealth v. Philadelphia Toilet and Laundry Company

*Frank A. Sinon,* Deputy Attorney General, *Manuel Kraus,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for Commonwealth.

*Frank A. Scholl,* for defendant.

HARGEST, P. J., July 3, 1939.—This matter now comes before us upon exceptions to the findings of fact, conclusions of law, the opinion, and judgment nisi.

The exceptions have been argued and are vigorously pressed. They raise two questions: (1) Whether the business of defendant in supplying barbers' and doctors' coats, butchers' and waiters' aprons, trousers, and towels to customers for which the customer pays a weekly or

monthly fee is appurtenant and incidental to the laundering business and therefore exempt from taxation; and (2) whether the formula adopted is the correct method of assessing the tax.

It is not necessary to repeat what was said in the opinion of the court to which exceptions were filed. It was there held that the business just referred to was not relieved from taxation.

Section 21 of the Act of June 1, 1889, P. L. 420, last amended so far as applicable to this case April 25, 1929, P. L. 657, 72 PS §1892, imposes the capital stock tax with the exemption to manufacturing corporations and corporations organized for laundering. The exception to that manufacturing and laundering exemption is that such corporations "shall pay the State tax of five mills herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the laundering or manufacturing business . . .". But the legislature gave the statute another term by continuing, "it being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the laundering or manufacturing plant and business . . .".

Exemptions from taxation are strictly construed: Callery's Appeal, 272 Pa. 255, 272; Commonwealth v. Bornot, Inc., 34 Dauph. 178; Commonwealth v. Louis Burk, Inc., 38 Dauph. 1, 5. And the burden is on the corporation which claims the exemption to show that it comes within it: Commonwealth v. Sunbeam Water Co., 284 Pa. 180, 183. Notwithstanding the legislature must be presumed to have known this principle of law, it emphasized the strictness with which it intended that exemption from taxation under this statute should be construed, because it stated that a laundering company shall pay the tax "upon such proportion of its capital stock, if any, as may be invested in any property or business not *strictly* incident or appurtenant to the laundering" busi-

ness, and also stated that it was the intention to relieve "only so much of the capital stock as is invested *purely* in the laundering" business. (Italics supplied.)

Does then a towel and coat supply business come within the laundering business under that twice - emphasized strict construction? We think not.

In Commonwealth v. Keystone Laundry Co., 5 Dauph. 79, 203 Pa. 289, at a time when laundering companies were not exempt from taxation, the company contended that, being organized " 'for the purpose of cleansing, bleaching, starching and smoothing textile fabrics by the use of machinery or mechanical appliances' ", it was entitled to a manufacturer's exemption because it collected " 'soiled cotton and woolen goods, household, hotel, and restaurant goods and linens of all kinds' " and washed the linens in hot water and soap and subjected them to bleaching, coloring, and scouring solutions. In that case the company admitted its liability and had paid the tax on the proportion of its capital which was invested in "towels, towelracks, soaps, etc., which it places in business houses and offices, and launders them from time to time". It was held that the company was not incorporated as a manufacturing company and therefore not entitled to the exemption.

We have held in Commonwealth v. Bornot, Inc., supra, that it is the main purpose, and not an auxiliary one, which determines whether a company is within the exemption. The main purpose of defendant in the instant case is laundering, and therefore anything that comes strictly within that purpose is entitled to exemption.

But running a cleaning and pressing business is not "strictly incident or appurtenant to the laundering" business, and so much of the capital stock as is invested in the cleaning and pressing business is not "invested purely" in the laundering business. It may be economical and convenient to run the two businesses together, particularly because the washing and pressing of barbers' and doctors'

coats and butchers' and waiters' aprons and towels would be incidental to the cleaning and pressing business. But the cleaning and pressing business is not strictly appurtenant to the laundering business; and that is the test.

It is also contended that the formula which was applied by the taxing officers is not correct and that if defendant is taxable at all it is taxable on the flat sum invested in this cleaning and pressing business. That is tantamount to arguing that there are two distinct businesses and that the cleaning and pressing business should be taxed altogether separately from the laundering business. But that is not the scheme provided by statute. We are dealing with capital stock and of the value of the capital stock, and not merely the money invested in the business that is subject to taxation. The statute provides that every exempt company shall pay the tax "upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the laundering" business, and also that it is the object of the exemption to relieve "only so much of the capital stock as is invested purely in the laundering" business. So that necessarily, in order to follow the statute, a proportion must be ascertained. In Commonwealth v. Louis Burk, Inc., supra, we determined the proper formula in cases of manufacturing exemptions and that formula was used in the instant case.

It is contended that it is not necessary to have a building or acquire machinery to carry on the towel, coat, and apron business and therefore the formula in the Burk case is not applicable. But in the instant case there is no evidence and no finding that the building and equipment were not used in the towel, apron, and coat business. Therefore, the formula in the Burk case was proper. Defendant could, and so far as the evidence shows, may have set up an accounting system to show a charge against the towel and supply business and in favor of the laundering business for laundering the supplies, and those re-

ceipts would be within the exemption. But that is altogether different from exempting the entire business.

For these reasons we think defendant's exceptions must be overruled.

And now, July 3, 1939, the exceptions of defendant are overruled and judgment is hereby directed to be entered in accordance with the opinion heretofore filed.