United Laundries, Inc., et al. *v.* Board of Property Assessment, Appeals and Review, Appellant.

Argued April 18, 1947.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James M. Guffey,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, and *Edward G. Bothwell,* First Assistant County Solicitor, for appellant.

*Mahlon E. Lewis,* with him *Howard Y. Crossland* and *Rose, Eichenauer, Stewart & Lewis,* for Northside Laundry Company, appellee.

*Frank W. Ittel, John W. Wishart* and *Reed, Smith, Shaw & McClay* submitted a brief for United Laundries, Inc., appellee.

*Howard Zacharias* and *Peter Cooper* submitted a brief for Northside Carpet Cleaning Company and Brighton Laundry Company, appellees.

OPINION BY ARNOLD, J., September 30, 1947:

These five appeals will be disposed of in one opinion, the facts having been stipulated and there being but a single question of law which is common to all the cases.

For the purposes of this opinion, the facts of *United Laundries, Inc. v. Board of Property Assessment, Appeals and Review of the County of Allegheny* will be used.

United Laundries, Inc., a taxable in the second class county of Allegheny, appealed to the court of common pleas of that county from the decision of the Board of Property Assessment, Appeals and Review in the following assessment: Lot (described) $9,800; building (described) $40,000; *machinery and equipment,* $52,240. This last was the questioned item. The common pleas adjudged this to be illegal, void and contrary to law, and deleted it. From this adjudication an appeal was taken by the Board of Property Assessment, Appeals and Review.

The judgment of the court of common pleas was correct. The General County Assessment Law, § 201 (72 PS 5020-519) provides: "The following subjects and property shall . . . be valued and assessed . . .: (a) All real estate to wit: Houses, lands . . . *mills and manufactories of all kinds,* furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation." (Emphasis supplied). The machinery and equipment here assessed are used in the business of the taxable for the washing and ironing of clothes. Appellant concedes that the phrase "mills and manufactories of all kinds" in § 201 of the Act is not broad enough to sustain the questioned assessment, and that likewise the machinery and equipment do not fall within any of the other enumerations. The appellant's position is that the assessment is sustainable under the phrase "all other real estate", because of the so-called "assembled industrial plant doctrine" as enunciated in *Titus v. Poland Coal Co.*, 275 Pa. 431, 436, 119 A. 540, and other cases. In other words, the appellant contends that the character of the machinery in question is changed, for tax assessment purposes, from personal property to real estate;

for obviously if it remains personal property it is not subject to a real estate assessment.

It has long been the law of Pennsylvania that a tax assessment must depend for its validity upon a statute, and that such statute will not be extended, by construction, to things not directly named or described therein. There is no taxation by implication. As far as the so-called "assembled industrial plant doctrine" is concerned, the decisions of our appellate courts have applied that doctrine in cases involving the ownership of real estate or liens thereon: *Titus v. Poland Coal Co.*, supra; *McClure v. Atlantic Rock Co., Inc.*, 339 Pa. 296, 14 A. 2d 124; *Roos et al. v. Fairy Silk Mills*, 334 Pa. 305, 5 A. 2d 569; *Pennsylvania Chocolate Company, for use, v. Hershey Brothers (No. 1)*, 316 Pa. 292, 175 A. 694, and *Commonwealth Trust Company of Pittsburgh v. Harkins*, 312 Pa. 402, 167 A. 278. It has never been extended to tax assessments of real estate. On the contrary, in *Pittsburgh Terminal Coal Company's Appeal*, 83 Pa. Superior Ct. 535, which also arose in Allegheny County, this Court sustained the striking down of an item of assessment as real estate of "cutting and mining machines and hauling motors", and at page 537 said: "There may be an enumeration of the constituent parts of a single subject of taxation and a value placed on each," and (after reciting the pertinent provision of the Act of 1844, P. L. 486, which also used the words "and all other real estate") said (page 539) : "Only such property as the statute describes can be made the subject of assessments. There is no such thing as taxation by implication. All authorities having to do with the valuation and assessment of land . . . must look to the statutes for their authority to act: Central Pennsylvania Lumber Co. App., 232 Pa. 191, 193. Neither the industry of counsel, nor our own investigation, has disclosed a single decision in which the doctrine of constructive annexation of personalty to the realty has been applied in order to assess personalty as part of the realty. A tax law cannot be extended by construction to things not named or described as the subject of

taxation: Boyd v. Hood, 57 Pa. 98, 101; . . . relied upon by appellant, does not sustain its contention. . . . Mills and manufactories of all kinds are expressly enumerated in the Act of 1844 among the things to be taxed as real estate and they necessarily include the machinery essential to the existence and operation of the establishment. The learned judge of the common pleas was clearly right in reducing the assessment in the amount of the valuation placed upon these articles of personal property."

In *Pittsburgh Terminal Coal Company's Appeal,* supra, it will be noted that the cutting and mining machines and motors would have been real estate under the so-called "assembled industrial plant doctrine" in a case involving the ownership of real estate or the extent of a lien thereon, but the court could not extend such doctrine to tax assessments. The "assembled industrial plant doctrine" has been applied, in all our cases, to a manufacturing industry only. A laundry is not such: *Commonwealth v. Keystone Laundry Co.,* 203 Pa. 289, 52 A. 326.

The able opinion of Judge SOFFEL for the court below also cites other Allegheny County decisions: *P. G. Publishing Co. v. Rae,* 91 P. L. J. 269; *In re Appeal of Braddock Dry Goods Co.,* 90 P. L. J. 319, which enunciated the same doctrine.

For these reasons these appeals must fail.

Appeal No. 103 April Term, 1947, involving the assessment of United Laundries, Inc., is dismissed.

Appeal No. 104 April Term, 1947, involving the assessment of Northside Laundry Company, is dismissed.

Appeal No. 105 April Term, 1947, involving the assessment of Northside Laundry Company, is dismissed.

Appeal No. 106 April Term, 1947, involving the assessment of North Side Carpet Cleaning Company, is dismissed.

Appeal No. 107 April Term, 1947, involving the assessment of Brighton Laundry Company, is dismissed.