## Fierro v. City of Williamsport

*Patrick H. Fierro*, for plaintiff.
*Charles R. Bidelspacher*, for defendant.

WILLIAMS, P. J., April 18, 1955.—Patrick H. Fierro seeks an injunction to restrict the City of Williamsport in enforcing its Admission Tax Ordinance of 1954.

### Findings of Fact

1. Plaintiff, an individual residing in Williamsport, Pa., is the owner of a music "juke box", and has installed this "juke box" in Al's Diner, in Williamsport, Pa.

2. This "juke box" is operated by the insertion of a coin in a slot in the machine, music coming from the machine upon this insertion.

3. The "juke box" was installed in Al's Diner with the consent and agreement of the owner of Al's Diner, plaintiff retaining sole ownership and control of the machine during the period of installation. Plaintiff services, maintains, repairs and collects the receipts from the same.

4. The owner of Al's Diner does not exercise any proprietary interest in the "juke box", nor does he have access to the coin box or recordings in the machine, but receives, in lieu of rental for the use of a portion of his diner, a percentage of the gross receipts.

5. On March 18, 1954, the City of Williamsport enacted an ordinance which levies a tax of 10 percent of the gross receipts of the "juke box" belonging to Patrick H. Fierro.

6. The ordinance recites in its preamble that it is "to provide revenue by imposing a tax upon sales of admission to amusements as defined in the ordinance".

7. Section 2(b) of the ordinance defines:

" 'Amusement' shall mean all manner and form of entertainment within the City of Williamsport, Pa., including among others, the following: Juke boxes, pin ball machines, and any other form of mechanical and/or electronic device for which admission is charged or paid."

8. The ordinance recites it was enacted under the Act of June 25, 1947, P. L. 1145.

9. On May 12, 1954, plaintiff filed his bill in equity to adjoin the collection of the tax. Defendant answered on June 2, 1954.

### Discussion

Patrick H. Fierro is asking this court to restrict the City of Williamsport in enforcing its Admission Tax

Ordinance of 1954. He claims that the ordinance is invalid and that it should be declared unconstitutional and void.

Plaintiff Fierro testified that he is the owner and operator of a "juke box" and that the City of Williamsport enacted an ordinance which levies a tax of 10 percent of the gross receipts of this machine.

The ordinance declares it was enacted under the authority of the Act of June 25, 1947, P. L. 1145.

A municipality has only such right to tax as is given it by statute, and the right to tax is not to be extended by implication: Murray et ux. v. Philadelphia et al., 364 Pa. 157, 163; United Laundries v. Board, 161 Pa. Superior Ct. 412.

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558, the provisions of a tax statute must be strictly construed in favor of the taxpayer, although exemptions from taxation are to be construed strictly against the taxpayer: Commonwealth v. Repplier Coal Co., 348 Pa. 373.

Section 1 of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1, authorizes the levy of a tax on "persons, transactions, occupations, privileges, subjects and personal property".

We are of the opinion that plaintiff's activities are taxable under this general grant of power to tax.

Although the city in its argument claims that it is taxing under the general grant of power to tax "persons, transactions, occupations, privileges, subjects and personal property", it appears from the construction of its ordinance and its two prong argument that it is classifying pinball machines and juke boxes as places of amusement.

Section 3 of the ordinance alleges that the tax is imposed upon the sale of admission to any amusement, and section 2(b) of the ordinance defines an amuse-

ment as any form of entertainment including juke boxes, pinball machines and other forms of mechanical or electronic device upon which admission is charged or paid.

The ordinance was evidently written in an effort to take the subject of its taxation out of the general prohibition of the Act of June 25, 1947, supra, which provides that the local authorities do not have the authority "except on sales of admission to places of amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax".

In our opinion a juke box or a pinball machine is not a place of amusement and therefore the city's tax ordinance in question comes within the general prohibition of the Act of June 25, 1947, supra. Words and phrases shall be construed according to their common and approved usage: Act of May 28, 1937, P. L. 1019, 46 PS §533. We cannot construe the words juke box, or the words pinball machine, as being a place of amusement, even though the city in its ordinance describes these items as such.

Even though the city ordinance does call a juke box a place of amusement, it identifies the act under which the tax is based. We are of the opinion that its wording is such as to bring the tax within the general powers of taxation given in the statute.

### Conclusion of Law

The court concludes that the tax against plaintiff's juke box is legal.

### Decree of Court

And now, April 18, 1955, the injunction is refused, complaint dismissed, costs on plaintiff.

Greevy, J., concurs in the above opinion and order.