City of Reading, a municipal corporation *v.* Forty-Five Noble Street, Inc., d/b/a O. B. Dyers. 45 Noble Street, Inc., Appellant.

Argued March 13, 1980 before President Judge Crumlish and Judges Rogers and Craig, sitting as a panel of three.

*Jan L. Deelman,* of *Levan and Deelman,* for appellant.

*Peter F. Cianci,* First Assistant City Solicitor, with him *Adam B. Krafczek,* City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, April 10, 1980:

Forty-Five Noble Street, Inc., d/b/a O. B. Dyers (O.B.) here appeals to contest liability for annual business privilege taxes of the City of Reading (city) for the years 1976 and 1977. The city levied the tax pursuant to the authority of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq.

O.B. is engaged in the preparation, dyeing and finishing of textiles. O.B. contends that these operations constitute manufacturing, and that it is entitled to the manufacturing exemption in Section IIIc(5) of the local ordinance, which is similar to the exemption in Section 2(4) of The Local Tax Enabling Act, 53 P.S. §6902(4).

After a nonjury trial, the Common Pleas Court of Berks County ruled that O.B. was not engaged in manufacturing within the exempting provision of the tax and entered a verdict in favor of the city in the amount of $10,346.00 plus interest of $2,350.02. After dismissal of O.B.'s exceptions, this appeal followed.

First, O.B. contends that the lower court erred in admitting, over O.B.'s objection, an excerpt from O.B.'s answer to the city's petition to discover O.B.'s income tax returns. The excerpt, regarding the nature of O.B.'s business, states in part that O.B. is engaged in: "[T]he dyeing and treating of textiles and fibers in order to add to and alter the qualities of such textiles and fibers to create the sizes, colors, textures and other characteristics desired."

Because neither the city's pre-trial memorandum nor the court's pre-trial conference order includes reference to this answer, O.B. states that Pa.R.C.P. No. 212 prohibits the city from introducing the excerpt into evidence.

Further, O.B. argues that introduction of this excerpt is unjust because the city failed to introduce any other evidence to carry its burden to prove that O.B. was subject to the business privilege tax. Thus, O.B. also contends that the lower court erroneously refused to enter compulsory nonsuit against the city.

A judgment of nonsuit may only be entered where a defendant has offered no evidence. In *F. W. Wise Co. v. Beech Creek Railroad Co.*, 437 Pa. 389, 391-92, 263 A.2d 313, 315 (1970), the Pennsylvania Supreme Court stated that:

> A defendant's right to request a nonsuit is based on his offering no evidence, and the court cannot grant a nonsuit after the introduction of evidence by the defendant. (Citations omitted.) If a nonsuit motion made at the close of the plaintiff's case is refused by the trial judge, the defendant has an option either to rest on that motion and present no evidence, or to put in a case. If the defendant elects to proceed, . . . the correctness of the court's ruling is moot. (Footnote omitted.)

In the present case, after the judge denied O.B.'s motion for nonsuit, O.B. introduced its case, and therefore, as in *F. W. Wise Co., supra,* 437 Pa. at 391, 263 A.2d at 315, we hold, "that the refusal of a motion for nonsuit is not a valid reason for a new trial in . . . any case where the defendant offers testimony."

Further, we do not believe that O.B.'s claim of error as to the discovery pleading admission, concerning the nature of O.B.'s business, constitutes sufficient grounds to grant a new trial.

The court's pre-trial order specifically outlined the controlling legal issue as whether or not the defendant's business activity comprised manufacturing, and limited the admissions in the pleadings to those listed in the city's pre-trial memorandum. The admission at issue was not one so listed.

However, as stated in *Golden Triangle Broadcasting, Inc. v. City of Pittsburgh,* 31 Pa. Commonwealth Ct. 547, 377 A.2d 839 (1977), where the statute is devoid of a definition, the term "manufacturing" is an issue of law under the facts of the particular case— meaning all the facts. O.B. elected to and did present evidence from which the court determined that the business was not manufacturing. Hence, the admission was not critical. We cannot say that O.B. was unduly harmed or prejudiced by its own pleading.

Having disposed of these procedural issues, we reach the merits of the case and affirm the determination of the court below that the dyeing and processing of cloth is not manufacturing, and that O.B. is not entitled to the manufacturing exemption from the business privilege tax.

We are guided by the Pennsylvania Supreme Court decision in *Commonwealth v. Keystone Laundry Co.,* 203 Pa. 289, 291, 52 A. 326 (1902) affirming per curiam a court of common pleas determination that a business incorporated for the purpose of

"cleansing, bleaching, starching, and smoothing textile fabrics by the use of machinery . . . and the application of skilled manual operation" was not engaged in manufacturing for purposes of exemption from a capital stock tax.

The record indicates that O.B. contracts to treat unfinished cloth, referred to as "griege", in a variety of ways, including: dyeing, autoclaving, bulking, adjusting stretch, curing, flame retarding, heat setting, mildew proofing, imparting permanent press, water repellence and dimensional stability, and changing terry cloth to velour. Although the "finished cloth" may be different from the original in color, dimension, stretch, stain, heat and water resistance, texture and bulk, the product is cloth, not a new and different article.

*Armour & Co. v. Pittsburgh,* 363 Pa. 109, 69 A.2d 405 (1949), and *Rieck-McJunkin Dairy Co. v. Pittsburgh School District,* 362 Pa. 13, 66 A.2d 295 (1949), present analogous operations, which the court found not to constitute manufacturing.

In *Armour & Co., supra,* the Pennsylvania Supreme Court held that the manufacturing exemption from the city's mercantile license tax provisions was not available to the company for its meat products. Although the preparation of the final products involved a variety of procedures—skinning, cleaning, cutting, pickling, sorting, smoking, boiling, packing and refrigerating—which resulted in meat products chemically and physically different from the original animal carcass, the court held that the procedures did not constitute manufacturing because the original article—meat—had not been changed to a new and different substance by the processing.

Likewise, the determinative factor in the court's decision in *Rieck-McJunkin Dairy Co., supra,* that the pasteurizing, homogenizing, and condensing of raw

milk did not constitute manufacturing, was that the end product, though homogenized and pasteurized, was still milk. Although the finished milk was chemically and physically altered from the original raw substance, nevertheless the court held that the products were not "new and different . . . in the sense of the definition of manufacture." 362 Pa. at 23-24, 66 A.2d at 299.

Likewise, finishing cloth, treating it chemically and imparting it with new physical characteristics, does not result in a new and different product.

For these reasons, we determine that O.B.'s processing of textiles does not constitute manufacturing and hence is not entitled to the exemption.

O.B. also contests the city's assessment of interest and a one percent per month penalty on the amount of the unpaid tax. O.B. argues that, because Section 22 of The Local Tax Enabling Act, 53 P.S. §6922, specifically places a ceiling of one-half ($\frac{1}{2}\%$) percent of one percent per month on the penalty for delinquent earned income tax payments and only permits "reasonable penalties" for other taxes, the city's ordinance, imposing a one (1%) percent per month penalty, is necessarily unreasonable.

The reasonableness of interest and penalty charges of a taxing provision must be evaluated in terms of detrimental effect: Is the penalty calculated to deter or intimidate a party from resorting to the courts to test the construction or validity of the legislation? *Keystone Metal Co. v. Pittsburgh,* 374 Pa. 323, 97 A.2d 797 (1953); *Goldstein v. Pittsburgh School District,* 372 Pa. 188, 93 A.2d 243 (1952). In both cases cited, the reasonableness of a one (1%) per month penalty was upheld.

Therefore, we affirm the order of the lower court, dismissing O.B.'s exceptions.

ORDER

AND Now, this 10th day of April, 1980, the order of the Court of Common Pleas of Berks County at Civil Action No. 74, March, 1978, dated June 15, 1979, is affirmed.