## Williams Grove, Inc. v. Cumberland Valley School District

*John B. Fowler, III,* for appellant.
*Richard C. Snelbaker,* for appellee.

SHEELY, *J.*, August 5, 1981—A hearing was held before this court on a series of appeals by Williams Grove, Inc., an amusement park proprietor, from assessments of penalties for late payments of amusement taxes due in 1978, 1979 and 1980. All parties herein mentioned are located in Cumberland County, Pa.

On November 6, 1980, Cumberland Valley School District (hereinafter CV) issued Notices of Assessment of Deficiency in Payment of Admissions/Amusement Tax for the years 1978 and 1979. Thereafter, Williams Grove, Inc. appealed for a hearing before CV, which hearing was held on December 15, 1980. On January 19, 1981, the board of school directors made its written decision affirming the assessment of deficiency. Williams Grove, Inc., then appealed that decision to this court on February 18, 1981. (For the pertinent financial statistics, see Exhibits A through C on Notice of Appeal of February 18, 1981).

On December 18, 1980, CV issued a Notice of Assessment of Deficiency in Payment of Admissions/Amusement Tax for the year 1980. On January 15, 1981, Williams Grove, Inc. appealed for a hearing before the district, which hearing was

held on February 16, 1981. On March 16, 1981, the board of school directors made its written decision affirming the assessment of deficiency. Williams Grove, Inc. then appealed that decision to this court on April 9, 1981. (See Exhibits A and B on Notice of Appeal of April 9, 1981).

On November 25, 1980, Monroe Township (hereinafter Monroe) issued a Notice of Reassessment of Deficiency in Payment of Admissions/ Amusement Tax for the years 1978 and 1979. On December 4, 1980, Williams Grove, Inc. appealed for a hearing before Monroe. The hearing was held on December 23, 1980. On January 8, 1981, the board of township supervisors made its written decision affirming this assessment of deficiency. Williams Grove, Inc. appealed that decision to this court on February 24, 1981. (For pertinent financial statistics, see Exhibits A and B on Notice of Appeal of February 24, 1981).

On December 29, 1980, Monroe issued a Notice of Reassessment of Deficiency in Payment of Admissions/Amusement Tax for the year 1980. On January 7, 1981, Williams Grove, Inc. appealed for a hearing before the Township, which hearing was held on January 22, 1981. On February 12, 1981, the board of township supervisors made its written decision affirming the assessment of deficiency. Williams Grove, Inc., then appealed that decision to this court on February 25, 1981. (For the pertinent financial statistics, see Exhibits A and B on Notice of Appeal of February 25, 1981).

All parties previously appeared before this court in 1978, in connection with failures to pay amusement taxes when due and with questions relative to the assessment of penalties: Williams Grove, Inc. v. Cumberland Valley School District, No. 1762 Civil 1977 and No. 1833 Civil 1978, and Williams Grove,

Inc. v. Monroe Township, No. 1763 Civil 1977 and No. 1834 Civil 1978.

This court did extend leniency on these cases to Williams Grove, Inc. on the penalties by reducing them approximately 50 percent since the court felt that these were legitimate issues raised concerning the amount of taxes involved. This issue is not present in the present appeals.

In the instant appeals, all parties agree on the amount of back taxes due and that the penalties were computed in accordance with valid taxing ordinances enacted pursuant to The Local Tax Enabling Act of December 31, 1965, P.L. 1257, sec. 1 et seq., as amended, 53 P.S. §6901 et seq.

Penalties were assessed pursuant to Monroe Township Ordinance no. 4, 1968, enacted December 31, 1968, and the Cumberland Valley School District Admissions Tax Resolution, adopted June 10, 1968. Both the ordinance and the resolution are in accord with The Local Tax Enabling Act of December 31, 1965, P.L. 1257, sec. 22, as amended, 53 P.S. §6922, which provides in pertinent part:

"[A]ny . . . political subdivision shall have power to prescribe and enforce reasonable penalties for the nonpayment, within the time fixed for their payment, of taxes imposed under authority of this act and for the violations of the provisions of ordinances or resolutions passed under authority of this act."

The pertinent parts of the resolution and ordinance are sections 6 and 7 respectively (see Appellee's Exhibits 1 and 2) which provide for:

[A] penalty of 5% of the amount of the tax due and unpaid shall be added thereto, if the failure to file the return or to pay the tax is for not more than

thirty (30) days, with an additional 5% for each additional thirty (30) days, or fraction thereof, during which failure continues, not to exceed 25% in the aggregate.

The amounts owing are as follows:

No. 657 Civil 1981, Cumberland Valley School District v. Williams Grove, Inc. for the years 1978 and 1979.

| Tax owing | $1,632.33 |
|---|---|
| Penalty | 1,825.18 |
| Total | $3,457.51 |

No. 1475 Civil 1981, Cumberland Valley School District v. Williams Grove, Inc., for the year 1980.

| Tax owing | $6,019.46 |
|---|---|
| Penalty | 1,065.36 |
| Total | $7,084.82 |

No. 465 Civil 1981, Monroe Township v. Williams Grove, Inc., for the years 1978 and 1979.

| Tax owing | $ 225.16 |
|---|---|
| Penalty | 727.57 |
| Total | $ 952.73 |

No. 743 Civil 1981, Monroe Township v. Williams Grove, Inc., for the year 1980.

| Tax owing | $3,445.45 |
|---|---|
| Penalty | 611.95 |
| Total | $4,057.40 |

These penalties were calculated by the auditors for CV and Monroe by determining the amounts due, the amounts paid, and the payment dates. The determinations were made by examining the record books kept by Williams Grove, Inc. It would not have been difficult for Williams Grove, Inc. itself to have made the necessary determinations in a timely fashion.

The amusement tax here being considered is a

pass through tax in that it is collected when tickets are sold to customers. The tax funds are then held by Williams Grove, Inc. and are supposed to be paid over in a timely fashion.

The pertinent parts of the resolution and ordinance are sections 5 and 6 respectively (see Appellee's Exhibits 1 and 2) which state:

Every holder of a permanent permit shall, on or before the last day of every calendar month, transmit . . . a report . . . of the total amount of admissions charged and collected by him during the last preceding calendar month and of the total amount of the tax due thereon under this ordinance, and at the same time shall pay over . . . the entire amount of said tax.

Williams Grove, Inc. did not pay over these funds in a timely fashion and now argues that the penalties assessed are unreasonable. Williams Grove, Inc. has made no argument that the penalties were designed to deter or intimidate Williams Grove, Inc., or any other potential defendants from testing the validity of any portion of the resolution or ordinance in the courts.

There are no Pennsylvania cases directly on point that determine whether a 25 percent penalty is unreasonable. However, in Goldstein v. Pittsburgh School District, 372 Pa. 188, 93 A. 2d 243 (1952), a local taxpayer appealed from interest and penalty assessments totalling 18 percent per annum asserting that they were too severe. The court held that such rates were not confiscatory and that the taxpayer's remedy was to appeal through the political process to the legislature or city council.

In Fidelity-Philadelphia Trust Co. v. Hines, 337 Pa. 48, 59, 10 A. 2d 553, 558 (1940), the taxpayer was challenging the legality of a state tax law. Under those circumstances, the court held that a

one percent per month charge was too disproportionate to the actual detriment resulting to the Commonwealth from the failure to receive these tax funds promptly. It reasoned such a charge, when compared to the then prevailing interest rates, was penal in nature rather than compensatory. The court also made clear, however, that the state could make such charges once the act in question was upheld.

The court reasoned that unduly harsh penalties or unusual interest rates could not be imposed so as to deter or intimidate the parties affected from exercising their due process rights to challenge the validity of statutes in court. In effect, if penalties were so high as to make it financially prohibitive to resort to the courts, the parties would be denied their constitutional right to due process. The United States Supreme Court has upheld such reasoning on a number of occasions: Oklahoma Operating Co. v. Love, 252 U.S. 331, 336, 337 (1920); Pacific Mail Steamship Co. v. Schmidt, 241 U.S. 245 (1916); Wadley Southern Railway Co. v. Georgia, 235 U.S. 651, 662, 663 (1915); Ex parte Young, 209 U.S. 123 (1908).

In a later case regarding a mercantile tax on the shipments of scrap metal, Keystone Metal Co. v. Pittsburgh, 374 Pa. 323, 97 A. 2d 797 (1953), cert. denied, 346 U.S. 887, rehearing denied, 346 U.S. 917 (1953), the court cited both Goldstein and Fidelity-Philadelphia Trust, in holding that an interest charge of one-half percent per month and a penalty of one percent per month (total of 18 percent per annum) were not so unduly harsh as to intimidate a party into relinquishing its right to due process. An 18 percent total rate per annum was also upheld under similar circumstances in Graybar Electric Co. v. Pittsburgh School District,

378 Pa. 294, 106 A. 2d 413 (1954). The court also stated that Graybar's remedy was to approach the legislature or city council.

In a recent case, City of Reading v. Forty-Five Noble Street, Inc., 50 Pa. Commonwealth Ct. 431, 413 A. 2d 1153 (1980), the court held that the imposition of a one percent per month (12 percent per annum) penalty on late payments of an annual business privilege tax was not unreasonable and did not violate the reasonable penalty provisions of 53 P.S. §6922. (Pertinent part is quoted on page _____, supra).

In three of the above cases, Goldstein, Keystone and Graybar, a per annum rate totalling 18 percent was held valid. Those cases were decided in 1953 and 1954, when the general rates of inflation and interest were lower than today's but higher than those rates in 1940 when Fidelity-Philadelphia Trust was decided. The City of Reading case was decided in 1980, and holds that 12 percent per annum rates are not unreasonable. None of these three cases expresses an opinion as to where the upper limit of reasonableness should be fixed.

In the instant appeal, neither the resolution nor the ordinance, in sections 9 and 10 respectively, says anything about additional interest charges over the aggregate 25 percent penalty. (See Appellee's Exhibits 1 and 2). This aggregate amount equals 25 percent per annum although it is reached by calculations based on a five month period instead of a 12 month period.

Today's rates of inflation and interest are considerably higher than those prevailing in 1953 and 1954, when a total rate of 18 percent per annum was upheld. In addition, Williams Grove, Inc., has not raised any issue whether such a penalty represents a deterrent to any exercise of constitutional

due process rights. Under these circumstances, the court concludes the penalties are reasonable. Appellant's remedy lies with the legislature, the Township's Board of Supervisors and/or CV's Board of School Directors.

### ORDER OF COURT

And now, August 5, 1981, in accordance with the opinion filed this day, it is ordered and decreed that appellant, Williams Grove, Inc. pay to the appellee, Monroe Township, the amount of $5,010.13, being the sum of taxes owed and penalties assessed thereon. It is further ordered and decreed that appellant, Williams Grove, Inc., pay to the appellee, Cumberland Valley School District, the amount of $10,542.33, being the sum of taxes owed and penalties assessed thereupon.

The prothonotary shall, on praecipe, enter final judgment on this decision if no exceptions have been filed within ten days after notice to counsel of record for each party.